UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Henry Floyd Gilchrist**, *a/k/a Henry Gilchrist*; and **Linda Faye Moss Gilchrist**, | ) ) ) | **C/A No.7:07-0508-HFF-WMC** |
| Plaintiffs, | ) ) ) | **Report and Recommendation** |
| vs. | ) ) | |
| **Danny Cook**, Bank Representative; **Arthur State Bank,** | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

The *pro se* plaintiffs, a married couple, bring this action concerning their joint checking account and overdraft protection with defendant Arthur State Bank.[1]  In this civil action, they allege injury due to their social security benefits and payroll earnings being "taken" by the defendants directly from the plaintiffs' accounts.  This case is subject to summary dismissal because the plaintiffs fail to state a claim upon which relief can be granted for a federal RICO violation, and this Court lacks subject matter jurisdiction.  Moreover, this Court should decline to exercise supplemental jurisdiction over the remaining claims.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  Neitzke v.

---

[1] Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v.

Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  The

complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an

indigent litigant to commence an action in federal court without paying the administrative

costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege,

the statute allows a district court to dismiss the case upon a finding that the action "fails to

state a claim on which relief may be granted" or is "frivolous or malicious."

§ 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an

arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed

*sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir.

1995).  The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts

alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31.  In making this

determination, the court is not bound to accept without question the truth of the plaintiff's

allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  Id.

        This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429

U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

Hughes v. Rowe, 449 U.S. 9 (1980) *(per curiam)*.  Even under this less stringent standard,

however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

district court may not rewrite a petition to include claims that were never presented, Barnett

2

v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

The plaintiffs, who reside in Duncan, South Carolina, had a checking and savings account with Arthur State Bank, and they mainly frequented the Westgate Mall bank branch in Spartanburg, South Carolina.  They allege that over the past several years the defendant bank illegally took money from their checking account and charged illegal fees related to their overdraft protection.  The plaintiffs allege that they are "victims of a social security deposit checking account scam."  They allege that the defendants illegally "took" their deposits from Mr. Gilchrist's social security benefits and Mrs. Gilchrist's payroll earnings, caused them to bounce checks, and around January 31, 2007, disbursed monies back to the plaintiffs and closed their accounts.

Presumably, in an attempt to resolve their banking service charges and fees, the plaintiffs allege that they entered into a contract at the Westgate bank branch to have monies transferred biweekly from savings to checking, but that the defendant bank did not honor the agreement.  The plaintiffs allege that Mr. Gilchrist went to the Westgate Mall bank branch to talk to a bank representative and he was directed to a branch in Roebuck, S.C., which then directed him to defendant Danny Cook.  Defendant Cook allegedly telephoned the plaintiffs' residence to advise them that the bank would return $680.00 to the plaintiffs and close their accounts, which apparently was done.

Liberally construed, the plaintiffs seek civil monetary damages based upon violations of the federal RICO statute and for breach of contract and usury law. The plaintiffs further seek a criminal investigation by federal authorities to punish the defendants and to determine if other banks are operating in the same manner.

### Discussion

"Federal courts are courts of limited jurisdiction. A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it." Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155 (2000) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority." Davis . Pak, 856 F.2d 648, 650 (4th Cir. 1988).

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Id. (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends, . . . ." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id. (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

4

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id. The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.

Although the plaintiffs do not specifically mention the federal RICO statute in their complaint or Local Rule 26.01 Answers to Interrogatories, on the civil cover sheet they noted that their case is for a violation of the federal Racketeering Influenced and Corrupt Organizations (RICO) statute. While the complaint does allege that the defendants committed "racketeering," the plaintiffs do not attempt to allege that the elements of a civil RICO claim exist nor do they allege facts that would prove those elements. To state a claim under RICO, "a plaintiff must properly plead the following elements of a criminal RICO violation: (1) the defendant's employment by or association with (2) an "enterprise" (3) engaged in or affecting interstate commerce (4) the affairs of which the defendant conducts or participates in through a pattern of racketeering activity." Dtex, LLC v. BBVA Bancomer, 405 F.Supp.2d 639, 649 (D.S.C. 2005) (granted a Rule 12(b)(6) dismissal of plaintiff's RICO claims), aff'd 2007 WL 173711 (4th Cir. 2007) (relied on the district court's "excellent opinion"). To show a pattern of racketeering, a plaintiff must prove "two or more predicate acts" and that they are related and constitute or pose a threat of continued criminal activity. Dtex, LLC v. BBVA Bancomer, 405 F.Supp.2d at 650. A plaintiff must plead "the necessary 'continuity' to establish the required pattern that distinguishes

'racketeering activity' under RICO from 'garden-variety' commercial disputes." Id. Courts further require that to prove "the RICO enterprise element" there be two separate and distinct entities, a "person" and "an enterprise" through which the person acts. Id.

Even liberally construing the complaint and all alleged facts in the plaintiffs' favor, the plaintiffs cannot prove the RICO elements of "enterprise" or "two or more predicate acts." Here, defendant Danny Cook was a bank representative, or an agent of the bank, and, therefore, the facts do not show that two separate and distinct entities, a "person" and "an enterprise," existed. Moreover, the alleged wrongful taking of monies from the plaintiffs' checking account and alleged illegal overdraft fees liberally construed would only tend to support multiple acts in furtherance of a single predicate act of an alleged illegal banking practice. The alleged facts tend to support merely a "garden-variety" commercial dispute between the plaintiffs and the defendant bank. Accordingly, the plaintiffs have not alleged facts sufficient to state a claim upon which relief can be granted for a RICO violation.

Because plaintiffs claimed a federal civil RICO violation, they may have proceeded in this Court on the basis of federal question jurisdiction. 28 U.S.C. § 1331 succinctly provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, "[t]he mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331 . . . . 'Federal jurisdiction requires that a party assert a *substantial* federal claim.'" Lovern, 190 F.3d at 654 (quoting Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988)). Because plaintiffs' RICO claim is untenable, this Court does not have federal question jurisdiction.

It is possible that the plaintiffs allege subject matter jurisdiction based upon social security funds and U.S. currency being at issue.  See Local Rule 26.01 Answers to Interrogatories.  However, liberally construing the complaint and assuming the facts as true, even if the defendants illegally took monies from the plaintiffs' checking account which monies consisted of social security benefits and U.S. currency, that does not allege a civil violation of the United States Constitution or United States laws.  A reasonable construction of plaintiffs' complaint is that it alleges breach of contract, civil conspiracy, and violation of South Carolina usury laws.  These type of disputes generally are a matter of state law to be heard in the state courts unless diversity of citizenship is present.

Plaintiff's state law claims could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims.  Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 387 (1998).  28 U.S.C. § 1367(a) requires such state claims to be "so related" to the federal claims "that they form part of the same case or controversy."  The Supreme Court has determined district courts should deal with such "pendent" claims "in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."  City of Chicago v. International College of Surgeons, 522 U.S. 156, 172-73 (1997).  Accordingly, federal courts are permitted to decline supplemental jurisdiction pursuant to subsection (c) of § 1367, if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Clause (c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated. Id. This Court should dismiss plaintiffs' RICO claim, that over which it would have original jurisdiction, as such claim is without legal or factual foundation. Thus, this Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims under § 1367(c)(3). *See* Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

If the statute is satisfied, this Court could decide plaintiffs' state law claims under the diversity statute, 28 U.S.C. § 1332(a), which requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction over this case because the plaintiffs allege that both plaintiffs and both defendants are residents of South Carolina. Moreover, the plaintiffs do not allege that more than $75,000 is in controversy.

The plaintiffs further seek criminal justice against the defendants who allegedly engaged in criminal acts, *e.g.*, racketeering, conspiracy, and money laundering. They seek a criminal investigation by federal authorities to punish the defendants and to determine if other banks are operating in the same manner. Plaintiffs cannot have this Court prosecute criminal charges against the defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch; the decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); *see also* United States v. Giannattasio, 979 F.2d 98, 100 (7th Cir. 1992).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

s/William M. Catoe
United States Magistrate Judge

March 2, 2007
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).